Dear Mrs. Moore,
Your opinion request has been forwarded to me for research and reply. You requested an opinion from the Attorney General's office regarding specific issues concerning the Bogalusa City Marshal. In our telephone conversation, you have stated that the City of Bogalusa does not have a constable and the marshal is the only law enforcement agency available to carry out court orders and service of process. You further provided that the City Marshal of Bogalusa is charging $30.00 to serve court documents which is in excess of the statutory limit and will not serve court documents unless the full amount is paid.
The Attorney General's response to the questions you presented are as follows:
(1) Can the Bogalusa City Marshal charge the court's fees that are notoutlined in La.R.S. 33:1704.4?
The Bogalusa City Marshal cannot charge the court fees that are not outlined in La.R.S. 33:1704.4. The general law applicable to the fees that constables and marshals are allowed is contained in La.R.S.33:1704, et seq. La.R.S. 33:1704.4 provides special provisions for the fees that the City Marshal of Bogalusa shall receive in civil matters, which states as follows:
 Notwithstanding the provisions of R.S. 33:1704, the marshal of the city of Bogalusa shall be entitled to the following fees of office and no more in civil matters: *Page 2 
 (1) For making service or attempted service and return of citation with or without petition on each defendant, nine dollars.
 (2) For making service or attempted service and return of supplemental or amended petition with or without accompanying citation, nine dollars.
 (3) For making service or attempted service and return of interrogatories and notice of cross interrogatories, nine dollars.
 (4) For making service or attempted service and return of garnishment under writ of fieri facias, twenty-five dollars.
 (5) For making service or attempted service and return of writ of attachment on each witness, ten dollars.
 (6) For making service and return of writ of sequestration, ten dollars.
 (7) For taking bond authorized by law, ten dollars.
 (8) For making service or attempted service and return of notice of judgment, nine dollars.
 (9) For making service or attempted service and return of citation and petition for appeal and order, nine dollars.
 (10) For return on writ of fieri facias, ten dollars.
 (11) For making service or attempted service and return of citations requiring personal service, ten dollars, to wit: rule nisi, subpoena, subpoena duces tecum, judgment debtor.
 (12) For keeping property under seizure by any writ or process, fees to be fixed by the court after service of notice to the parties or their attorneys of record in the suit.
 (13) For collecting money pursuant to an execution of an order of seizure and sale or a writ, without either seizure or sale, six percent, with a minimum of ten dollars for each execution or order of seizure and sale.
 (14) For making seizure under writ of fieri facias, making and serving notice of seizure on one party, and making a copy for recordation in the mortgage records when necessary or required and for returns thereon, for all, fourteen dollars. For service of each notice of seizure and return thereon in connection with execution of writ of fieri facias, ten dollars. *Page 3 
 (15) For serving each order of court not otherwise herein specially provided for or for any other enumeration provided for in R.S. 33:1704 not otherwise herein specially provided for, nine dollars.
 (16) For each mile or fraction thereof actually and necessarily traveled in going to and returning from the service of any process of court, the marshal of the city of Bogalusa shall be reimbursed at a rate equal to that rate established for state employees by the division of administration. No constructive mileage shall be allowed. When service of different processes in the same case or processes of court in different cases are served on the same official tour of the marshal, the actual mileage traveled shall be prorated. [Emphasis added.]
Clearly, the language of this special statute, La.R.S. 33:1704.4, sets for the maximum amounts that the Bogalusa City Marshal shall be allowed to receive in civil matters and does not allow the marshal to charge fees for service in excess of those maximum amounts.[1]
Accordingly, our office is of the opinion that La.R.S. 33:1704.4 sets forth the maximum amount that shall be charged for civil matters by the City Marshal of Bogalusa.
(2) Can the Bogalusa City Marshal refuse to serve documents for thecourts?
The marshal may only refuse to serve court documents pursuant to the exceptions in La.R.S. 13:3477. Jurisprudence has recognized that marshals and constables enjoy the same powers and authorities, including police powers.[2] Consequently, a marshal is subject to the same constraints on his power as constable. La.R.S. 13:3477 permits limited exceptions wherein the constable may refuse to perform his duties, including serving court documents, as outlined below:[3]
 Inability or refusal of constable or deputy constable to act; employment of sheriff or deputy; appointment of special deputy constable:
 In case of the inability or refusal to act on the part of the constable or a duly appointed deputy constable because of relationship, sickness, or from other causes in civil suits, and in case of the execution of conservatory writs in civil suits, the justices of the peace may employ either the sheriff or his deputy or appoint a special deputy constable to execute all orders, citations, summons, seizures, and writs.
It is the opinion of this office that since the City Marshal of Bogalusa is given the same *Page 4 
power and authority as the constable, the exceptions in La.R.S. 13:3477
are applicable to the marshal. As a result, the marshal may refuse to perform his duties pursuant to the limited exceptions in La.R.S.13:3477.
Based on the facts presented to us for review, it appears that the Bogalusa City Marshal may be refusing to serve court documents unless his $30.00 fee amount is paid. A marshal's refusal to serve court documents unless this unauthorized fee is paid is not based on an exception provided in La.R.S. 13:3477. As such, the refusal does not appear to be authorized and would be improper.
(3) If the Bogalusa City Marshal refuses to serve court documents isthat considered malfeasance?
Malfeasance in office is defined in La.R.S. 14:134, which states:
 Malfeasance in office is committed when any public officer or public employee shall:
 (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
 (2) Intentionally perform any such duty in an unlawful manner; or
 (3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
 Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such lawful duty shall not relieve the public officer or employee of his lawful duty.
 Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.
While we are of the opinion that the conduct of a marshal refusing to serve court documents for reasons beyond La.R.S. 13:3477 is improper, this office is not in a position to ultimately determine whether malfeasance has occurred.[4] Should the marshal refuse to act based on personal reasons not outlined in La.R.S. 13:3477, a report may be filed with the District Attorney's office for possible investigation and prosecution. *Page 5 
I hope the foregoing has adequately answered your question. If we can be of further assistance, please do not hesitate to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY: _______________________ MERIDITH J. TRAHANT Assistant Attorney General
[1] This special language preempts the general language as found in La.R.S. 33:1704.
[2] Sheridan v. Washington Parish Police Jury, 67 So.2d 110 (La.App. 1 Cir 1953); Atty. Gen. Op 01-04 and 93-785.
[3] See Atty. Gen. Op. 07-0003.
[4] Atty. Gen Op. 07-0003.